UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Seizure of 508 Pieces of U.S. Currency totaling $46,300 in FP&F Case No. 2022380700020401 | Civil No. 24-50464 |

**MOTION TO SET ASIDE FORFEITURE**

Chantou Phay moves under 18 U.S.C. § 983(e) to set aside the forfeiture to the United States Government of $46,300 seized from him at Detroit Metropolitan Airport in Romulus, Michigan on January 3, 2022, by U.S. Customs & Border Protection.

In support, Chantou Phay relies on the accompanying brief. Counsel for Chantou Phay had a conference with U.S. Customs & Border Protection and explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought in this motion, as required under LCivR 7.1(a).

| | |
|---|---|
| Dated: May 14, 2024 | Respectfully submitted,<br><br>/s/ Jason P. Wapiennik<br><br>**GREAT LAKES CUSTOMS LAW** |

1

By:   Jason P. Wapiennik, P72928
32437 Five Mile Road
Livonia, MI 48154
P: (734) 855-4999
F: (734) 619-6928
jason@greatlakescustomslaw.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Seizure of 508 Pieces of U.S. Currency totaling $46,300 in FP&F Case No. 2022380700020401 | Civil No. 24-50464 |

**BRIEF IN SUPPORT OF MOTION
TO SET ASIDE FORFEITURE**

**ISSUE PRESENTED**

Should the Court grant Chantou Phay's motion to set aside the forfeiture to the United States Government of $46,300 because Chantou Phay was not sent written notice of the forfeiture proceedings? Chantou Phay answers "Yes."

**CONTROLLING AUTHORITY**

18 U.S.C. § 983

**I. INTRODUCTION**

Chantou Phay moves under 18 U.S.C. § 983(e) to set aside the forfeiture to the United States Government of $46,300, for the failure of CBP to send written notice of the forfeiture proceedings. U.S. Customs & Border Protection seized the money from Chantou Phay while he was

1

attempting to depart the United States at Detroit Metropolitan Airport on January 3, 2022.

**II. FACTUAL BACKGROUND**

On January 3, 2022, Mr. Phay was preparing early in the morning to leave for an international flight. He was in a rush and grabbed a book bag without realizing that there was $31,300 in it, which was money he uses to pay contractors as part of his real estate business – he thought he removed it and gave it to his wife. Thus, he knowingly took with him $15,000 and another unknown $31,300.

At the airport, Mr. Phay was stopped and questioned by CBP about transporting money. Mr. Phay verbally reported that he was carrying $15,000.00. He was then presented with FinCen Form 105 and was told to complete it for the declared $15,000. *See* EXHIBIT 1. CBP then searched and discovered the other $31,300 in the book bag.

During his interrogation, Mr. Phay was intimidated and threatened with criminal charges and jail. *See* EXHIBIT 2. CBP's threats, demeanor, and behavior made him very nervous and scared. *See* EXHIBIT 2. Under duress and coercion, Mr. Phay waived his Miranda rights (*See* EXHIBIT 2, 3). He signed a DHS Form 4607 ("Notice of Abandonment and Assent to

2

Forfeiture of Prohibited or Seized Merchandise"). *See* Exhibit 4. He also signed an "Election of Proceedings – CAFRA Form". *See* Exhibit 5. Mr. Phay was not given copies of any of the documents he signed (*See* Exhibit 2). Mr. Phay was only given a "Custody Receipt for Seized Property and Evidence." *See* Exhibit 6. Since the seizure, Mr. Phay received no further correspondence or notice from U.S. Customs & Border Protection or any other United States agency concerning the incident or the seizure. *See* Exhibit 2. For the following reasons, Mr. Phay's motion to set aside forfeiture should be granted.

## III. ARGUMENT.

### A. CBP FAILED TO SEND WRITTEN NOTICE TO MR. PHAY CONTRARY TO 19 USC § 1607 AND 18 USC § 983

The government's failure to send Mr. Phay the required written notice and information on applicable procedures, as mandated by 19 USC § 1607, constitutes a clear violation of statutory requirements. Specifically, if monetary instruments valued at less than $500,000 are seized, then:

> Written notice of seizure together with information on the applicable procedures shall be sent to each party who appears to have an interest in the seized article.

*Id.* The Government failed to send Mr. Phay written notice of the administrative forfeiture proceedings within the required 60 day time limit set forth in 18 USC § 983(a)(1)(A)(i). Administrative forfeiture was

3

completed on or about March 23, 2022, after publication on the Government's forfeiture website (www.forfeiture.gov).

Under § 983(e), a person may bring a motion to set aside any nonjudicial civil forfeiture proceeding when the individual did not receive written notice of proceeding. Specifically, the law provides:

> (e) Motion to set aside forfeiture. (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if-- (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

Because Mr. Phay "appears to have an interest" in the seized monetary instruments he must be "sent" written notice of seizure "together with information on the applicable procedures." *Id.*

### i. Mr. Phay's interest in the property exists despite his coerced "abandonment" at the time of seizure.

Abandonment of property by coercion is not abandonment at all and cannot be a basis for the failure to provide notice of the forfeiture proceedings. In a substantially similar case, where a claimant purportedly abandoned his property at the time of seizure, the court in *United States v. $8,440,190.00 in U.S. Currency*, 719 F.3d 49, 60-61 (7th Cir. 2013), stated:

4

> The fact that Van Bommel signed a notice of abandonment - this is the fact that the district court harped on with respect to the $10,000 - does not change things. In his affidavit, Van Bommel indicated that he "involuntarily and unintelligently" signed the notice after he was "threatened to be prosecuted for drug smuggling if [he] did not abandon the currency." He added that law enforcement did not advise him of his due process rights and that the notice of abandonment did not advise him "of the full panoply of rights counsel later explained to me," such as the right to present evidence and to have a jury determine whether forfeiture was warranted.

Similar to the facts of this case, the DHS Form 4607 entitled "Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise" does not contain a statement as to the conditions under which the abandonment was made, such as "knowingly" or "voluntarily." On the contrary, as demonstrated by Mr. Phay's affidavit, he did not understand what he was signing and only did so to make the officer happy and ensure his freedom. *See* EXHIBIT 2. Mr. Phay's encounter with CBP was constitutionally insufficient to provide him with notice because it failed to provide "notice reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, at 314 (1950). Indeed, he had no opportunity to present his objections under the watchful eye of law enforcement who only coerced his

5

signature.[1] Therefore, his coerced signature on paperwork purporting abandonment of the money is insufficient to relieve the government of its obligation to send written notice of the forfeiture proceedings.

### ii. The forms signed by Mr. Phay are incomplete.

At minimum, the notice received during Mr. Phay's stop and interrogation is insufficient because "written notice" must be "sent." § 983(e). CBP typically sends the "Election of Proceedings – CAFRA Form" by mail with a written "Notice of Seizure" within 60 days *after* a seizure, not at the time of the incident. This is clear from the face of the "Election of Proceedings" form, which reads:

> NOTE: READ THE ATTACHED NOTICE OF SEIZURE AND INFORMATION FOR CLAIMANTS BEFORE YOU FILL OUT THIS FORM. THIS FORM SHOULD BE COMPLETED AND RETURNED TO U.S. CUSTOMS AND BORDER PROTECTION (CBP) 477 MICHIGAN AVENUE, ROOM 200, DETROIT, MI 48226.

EXHIBIT 5. There can be no factual dispute that 1) there was no notice of seizure attached 2) there was no information for claimants attached and 3) the form could not be completed and returned to CBP's 477 Michigan Ave., Detroit, address because of the circumstances in which it occurred. The

---

[1] The purpose of notice is so that Mr. Phay can be fully informed of his rights, not pressured into signing them away under the watchful eye of law enforcement, who, at very minimum, has probably told him he could face up to 5 to 10 years in prison for violating 31 USC § 5316.

6

immediate presentation of the Election of Proceedings form to Mr. Phay, prior to issuing a notice of seizure, suggests an intent by the seizing officer to coerce abandonment of the property, circumventing proper legal procedures, and eliminating the possibility that Mr. Phay to respond after sufficient time has passed to consider his options, and consult with CBP's Fines, Penalties & Forfeitures office or a lawyer about his rights and options. Thus, the form is legally deficient and incomplete, and is nothing more than an end-run around the notice requirements of 18 USC § 983 and 19 USC § 1607.

### B. MR. PHAY WAS UNAWARE OF THE FORFEITURE PROCEEDING

Courts have interpreted the requirement of § 983(e)(1)(B) that "the moving party did not know or have reason to know of the seizure within sufficient time" as requiring that the moving party did not know of the forfeiture proceedings. Because Mr. Phay never received written notice, he was unaware of the forfeiture **proceeding**.

*Ikelionwu v. United States*, 150 F.3d 233 (2d Cir. 1998) is perhaps the most factually similar case to that at hand. There, the underlying offense was a violation of 31 USC § 5316 for failure to report $102,870 in outbound currency. Ultimately, an individual who never received notice but who had

7

actual knowledge of the seizure filed a complaint "seeking the return" of the money. *Id.* at 236. In relevant part, the Court states:

> We accept the government's claim that Ikelionwu certainly knew about the seizures by the time the currency was introduced at his criminal trial -- four years before he petitioned for the return of that property. **This knowledge, however, does not imply that he was aware of the forfeiture proceedings or his right to challenge those proceedings.**

*Id.* at 238 (emphasis added). The court decided Ikelionwu's claim could go forward. *Id* at. 238.

In *Gonzalez-Gonzalez v. United States*, 257 F.3d 31 (1st Cir. 2001), the Government seized two vehicles under the procedures in 19 USC §§ 1607 to 1609, and sent the notice required by law to the "persons named on the vehicles' registrations" but failed to give notice to the plaintiff, Gonazlez. *Id.* 33-35. "Nearly six years after the initial seizure of the two vehicles and more than five years after the administrative forfeiture proceedings had been completed, Gonzalez filed a pro se motion of return of the automobiles…" *Id.* 35. The government argued that where a party has "actual notice of the seizure" a constitutional challenge to the seizure based on failure to provide adequate notice cannot stand. However, the Court stated:

8

> We reject this proposition. Assuming, arguendo, that the government can show actual notice of the vehicles' seizure on Gonzalez's part at the relevant time, the Second Circuit apparently has retreated from its earlier precedent and intimated that actual knowledge of forfeiture is required to excuse a due process shortfall. See *Ikelionwu v. United States*, 150 F.3d 233, 238 (2d Cir. 1998). Wholly apart from the Second Circuit's view, we ourselves believe that the actual knowledge required to defeat a notice-based due process challenge is advance notice-in-fact of forfeiture proceedings, as opposed to notice-in-fact of seizure. See *Whiting*, 231 F.3d at 74 (so stating, albeit in dictum).

*Id.* at 38. Thus, even where there is actual notice of a seizure, a written notice must still be sent, or the forfeiture can be set aside.

In another case, the court again noted that a failure to provide notice of the forfeiture, and set aside the forfeiture, stating:

> The Court finds that the Government knew that Mr. Wilson had an interest in the seized currency and that Mr. Wilson did not get notice of the forfeiture. The Court will, therefore, set aside the forfeiture. The statute explicitly provides that if the forfeiture is set aside it shall be "without prejudice to the right of the Government to commence a subsequent forfeiture proceeding" as to Mr. Wilson's interest in the currency. 18 U.S.C. § 983(e)(2)(A).

*United States v. Wilson*, 495 F. Supp. 2d 144, 146 (D. Me. 2007). On these grounds alone, the failure to provide notice is sufficient reason for this Court to set aside forfeiture so that further proceedings, in whatever form they may take, may proceed. Thus, as in the above cases, the forfeiture of

9

seized funds must be set aside because no notice was provided to Mr. Chantou.

## IV. CONCLUSION

Given the clear failure to provide mandatory written notice and the evident coercion in obtaining Mr. Phay's abandonment of his property rights, this Court should grant the motion to set aside the forfeiture to the United States of $46,300 from Chantou Phay.

## PRAYER FOR RELIEF

WHEREFORE, defendants respectfully request that this honorable Court enter judgment in their favor, dismiss this action, award defendant attorney's fees and the costs of suit, and afford such other and further relief as the Court deems appropriate.

Dated: May 14, 2024              Respectfully submitted,

/s/ Jason P. Wapiennik

**GREAT LAKES CUSTOMS LAW**

By:   Jason P. Wapiennik, P72928
      32437 Five Mile Road
      Livonia, MI 48154
      P: (734) 855-4999
      F: (734) 619-6928
      jason@greatlakescustomslaw.com

10

## **CERTIFICATION OF SERVICE BY MAIL**

I hereby certify that on May 14, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

   U.S. Attorney's Office
   211 W. Fort Street, Suite 2001
   Detroit, MI 48226
   313-226-9100

                                    /s/ Jason P. Wapiennik
                                    _____
                                    Jason P. Wapiennik