UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Seizure of 508 Pieces of U.S. Currency
Totaling $46,300 in FP&F Case No.
2022380700020401

Case No. 24-mc-50464
Hon. Matthew F. Leitman

_____/

# ORDER DENYING MOTION TO SET ASIDE FORFEITURE (ECF No. 1)

Now before the Court is a motion by Chantou Phay to set aside the administrative forfeiture of $46,300.00 by the United States Customs and Border Protection ("CBP"). (*See* Mot., ECF No. 1.) For the reasons stated below, the motion is **DENIED**.

**I**

On January 3, 2022, Phay arrived at the Detroit Metropolitan Airport for an international flight. (*See* Mot., ECF No. 1, PageID.4.) He knowingly took with him $15,000.00. (*See id.*) He claims that as he was leaving for the airport, he also grabbed a bookbag without realizing that there was an additional $31,300.00 in it. (*See id.*) At the airport, he was stopped and questioned by CBP about transporting money. (*See id.*) He orally reported that he was carrying $15,000.00 and completed a form declaring the same. (*See id.*) CBP then searched his bookbag and discovered

1

the unreported $31,300.00. (*See id.*) CBP next seized the entire $46,300.00 that Phay had in his possession (the "Property"). (*See id.*, PageID.5.)

From January 21, 2022, to February 19, 2022, CBP published on the website www.forfeiture.gov a notice of intent to forfeit the Property. (*See* Resp., ECF No. 7, PageID.47.) But Phay did not file a claim for the Property within the time prescribed by statute. *See* 18 U.S.C. 983(a)(1)(2).

On March 30, 2022, CBP issued a Declaration of Forfeiture with respect to the Property. (*See* Decl. of Forfeiture, ECF No. 7-1, PageID.51.) The issuance of that Declaration completed the administrative forfeiture proceedings and vested titled to the Property with CBP. *See* 19 U.S.C. § 1609(b).

On May 14, 2024, Phay filed the instant motion seeking to set aside the forfeiture of the Property. (*See* Mot., ECF No. 1.) Phay seeks relief "under 18 U.S.C. § 983(e)." (*Id.*, PageID.1.)

## II

Phay is not entitled to relief under Section 983(e). That statute provides:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted *if--*
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; *and*

2

>> (B) the moving party did not know or have reason to know of *the seizure* within sufficient time to file a timely claim.

18 U.S.C. § 983(e) (emphasis added).

As the plain text of Section 983(e) makes clear, to prevail on a motion under the statute, a claimant must clear two *separate* hurdles: he "must satisfy the Court that the government did not take reasonable steps to provide notice, and that [he] did not have knowledge of the seizure in order to file a claim." *In re Sowell*, No. 08-51163, 2009 WL 799570, at *2 (E.D. Mich. Mar. 19, 2009). Stated another way, a claimant's motion under Section 983(e) "fails if *either* the Government did not take reasonable steps to provide [the claimant] with notice, *or* [the claimant] knew or should have known of the seizure within sufficient time to file a claim." *Miller v. Drug Enf't Admin.*, 566 F. App'x 395, 397 (6th Cir. 2014) (emphasis in original).

Here, Phay's claim under Section 983(e) fails because "[t]here is no reasonable dispute that [he] had actual notice" of the seizure of the Property at a point in time at which he could have filed a timely administrative claim. *Id.* (affirming dismissal of claim under Section 983(e) where there was no dispute that the claimant had timely notice of the seizure of the property at issue). Indeed, Phay does not dispute that he had such notice.

Instead, Phay contends that a claimant may proceed under Section 983(e) even if he had timely knowledge of the seizure of property so long as the claimant did not have notice of forfeiture proceedings directed at the property. (*See* Mot., ECF No. 1,

3

PageID.9-12.) And he insists that he is entitled to relief under Section 983(e) because he did not have sufficient notice of the forfeiture proceedings.

The Court rejects Phay's argument because it conflicts with "the language of" Section 983(e), "which requires that [the claimant] have knowledge of the seizure, but not knowledge of the forfeiture action." *In Re Sowell*, 2009 WL 799570 at *3 (collecting decisions so holding).[1] As the Sixth Circuit has emphasized, "[u]nder the plain language of [Section 983(e)], it is irrelevant whether [the claimant] had actual notice of the *forfeiture proceedings*, and [any] attempt to so argue is misguided. It is only notice of the seizure that is controlling." *Miller*, 566 F. App'x at 397 n.2 (emphasis in original). Phay has not cited any Sixth Circuit authority to the contrary, and the only decisions he cites do not strongly support his position. For instance, the court in *Ikelionwu v. United States*, 150 F.3d 233 (2d Cir. 1998), did not mention Section 983(e), much less offer an interpretation of that statute that bolsters Phay's arguments here. Likewise, the court in *Gonzalez-Gonzalez v. United States*, 257 F.3d 31 (1st Cir. 2001), addressed "a notice-based *due process challenge*" to a forfeiture, *id.* at 38 (emphasis added), but Phay does not bring such a constitutional challenge here. Simply put, Phay has failed to persuade the Court

---

[1] *See also CNEST Oregon Sols., LLC v. United States*, 96 F.Supp.3d 726, 735 (S.D. Ohio 2015) ("Section 983(e)(1)(B) plainly states that it is knowledge of the *seizure*, and not of the forfeiture proceedings, that bars a claimant from relief under the statute if he fails to file a timely claim.") (emphasis in original).

4

that his claimed lack of knowledge of the forfeiture proceedings is relevant under Section 983(e).

### III

For all of the reasons explained above, Phay's motion to set aside forfeiture (ECF No. 1) is **DENIED**.

**IT IS SO ORDERED.**

                                              s/Matthew F. Leitman
                                              MATTHEW F. LEITMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: November 6, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 6, 2024, by electronic means and/or ordinary mail.

                                              s/Holly A. Ryan
                                              Case Manager
                                              (313) 234-5126